# IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

FILED
FEB 11 AM 10: 36

US BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| SYTAX-BRILLIAN CORPORATION, ET AL | ) | Case No. 08-11407 (BLS) |
| DEBTORS | ) | (Jointly Administered) |
| ------------------------------------------------- ) | | **Related to Docket No. 2123** |

## AHMED AMR'S DESIGNATION OF ITEMS TO BE INCLUDED ON THE RECORD AND STATEMENT OF ISSUES ON APPEAL

Ahmed Amr appellant ("Appellant") in this appeal (the "Appeal") hereby designates the following items to be included in the record on the Appeal of that certain order (Docket N0. 2107) (the "Order") of the United States Bankruptcy Court for the District of Delaware dated and entered on 12/07/2012.

| TAB | DATE FILED | DOCKET NUMBER | DOCKET ENTRY |
|---|---|---|---|
| 1 | 12/20/2011 | 1950 | Motion For Sanctions Filed by Ahmed Amr. |
| 2 | 12/20/2011 | 1951 | Motion to Compel Filed by Ahmed Amr. |
| 3 | 12/28/2011 | 1952 | Notice of Rescheduled Hearing. Hearing scheduled for 2/15/2012 at 11:00 AM at US Bankruptcy Court, 824 Market St., 6th Fl., Courtroom #1, Wilmington, Delaware. The case judge is Brendan Linehan Shannon. (related document(s)[1950], [1951]) (SB) |
| 4 | 1/06/2012 | 1956 | Motion to Approve Compromise under Rule 9019 // Application to Compromise and Settle Controversies with Greenberg Traurig LLP Filed by SB Liquidation Trust. |
| 5 | 1/12/2012 | 1957 | Objection of the SB Liquidation Trust to the (i) Motion to Sanction Nancy Mitchell, Esq. and Greenberg Traurig LLP Filed by Shareholder Ahmed Amr and (ii) Motion to Compel Release of Documentation Critical to the Motion to Sanction Nancy Mitchell, Esq. and Greenberg Traurig LLP Filed by Shareholder Ahmed Amr |
| 6 | 1/20/2012 | 1961 | Objection To The Liquidation Trustees Application to Compromise and Settle Controversies with Greenberg Traurig Filed by Ahmed Amr |
| 7 | 1/26/2012 | 1967 | Request for Judicial Notice in Support of Motion to Sanction Nancy Mitchell and Greenberg Traurig and In Support of His Objection to Trustees Settlement Agreement with Greenberg Traurig Filed by Ahmed Amr |
| 8 | 2/02/2012 | 1973 | Transcript regarding Hearing Held 1/27/2012 RE: Trustees Settlement Motion. Remote electronic access to the transcript is restricted until 5/2/2012. |

| TAB | DATE FILED | DOCKET NUMBER | DOCKET ENTRY |
|---|---|---|---|
| 9 | 2/02/2012 | 1974 | Order Approving Application to Compromise and Settle Controversies With Greenberg Traurig LLP. |
| 10 | 2/08/2012 | 1977 | Objection to (I) the Motion for Sanctions, and (II) the Motion to Compel Release of Documentation, filed by Shareholder Ahmed Amr (related document(s)[1950], [1951], [1953]) Filed by Greenberg Traurig, LLP, Nancy Mitchell, Victoria Counihan and Joseph Davis III |
| 11 | 2/10/2012 | 1982 | Request for Admissions Filed by Ahmed Amr |
| 12 | 2/21/2012 | 1988 | Response to the Objection of Greenberg Traurig, LLP and Nancy A. Mitchell to the Motion to Compel Release of Documentation. |
| 13 | 2/25/2012 | 1989 | Transcript regarding Hearing Held 2/15/2012 |
| 14 | 3/02/2012 | 1996 | Order Denying Motion to Compel |
| 15 | 3/02/2012 | 1997 | Order Denying Motion to Sanction Nancy Mitchell and Greenberg Traurig LLP |
| 16 | 3/06/2012 | 2004 | Motion to Allow a Continuance of the Hearing to Sanction Mary Mitchell. Filed by Ahmed Amr. |
| 17 | 3/06/2012 | 2000 | Order Denying Ahmed Amrs Motion for Continuance. The Court Will Not Conduct a Hearing On Or Related to the Sanctions Motion on March 15, 2012, Given That It Has Already Ruled Upon the Motion. |
| 18 | 3/08/2012 | 2001 | Motion to Reconsider and Vacate Orders Filed by Ahmed Amr |

| TAB | DATE FILED | DOCKET NUMBER | DOCKET ENTRY |
|---|---|---|---|
| 19 | 04/04/2012 | 2025 | Objection of the SB Liquidation Trust to (i) Motion to Allow a Continuance of the Hearing to Sanction Nancy Mitchell, Esq. and Greenberg Traurig LLP Filed By Shareholder Ahmed Amr and (ii) Motion to (A) Reconsider the Motion to Sanction Nancy Mitchell, Esq. and Greenberg Traurig LLP and Motion to Compel Release of Documentation Critical to the Motion To Sanction Nancy Mitchell, Esq. and Greenberg Traurig LLP and (B) Vacate Orders Filed By Shareholder Ahmed Amr |
| 20 | 04/04/2012 | 2030 | Objection of Greenberg Traurig, LLP and Nancy A. Mitchell to Motion to Reconsider and Vacate Orders Filed By Shareholder Ahmed Amr |
| 21 | 04/09/2012 | 2035 | Response to the Objection of Greenberg Traurig, LLP and Nancy A. Mitchell to the Motion to Sanction Nancy Mitchell. (related document(s)[1950], [1951], [1953], [1977]) Filed by Ahmed Amr |
| 22 | 4/09/2012 | 2036 | Statement of Reservation of Rights Regarding Hearings to be Held on April 11, 2012. (related document(s)[2004]) Filed by Charles M. Cerny |
| 23 | 4/27/2012 | 2054 | Transcript regarding Hearing Held 4/11/2012 |
| 24 | 8/16/2012 | 2077 | Letter Regarding Hearing on Motion to Sanction Nancy Mitchell and Greenberg Traurig |
| 25 | | | Email response from the Honorable Brendan Shannon. Not docketed. |
| 26 | 10/01/2012 | 2083 | Notice of Agenda of Matters Scheduled for Hearing Filed by SB Liquidation Trust. Hearing scheduled for 10/3/2012 |

| TAB | DATE FILED | DOCKET NUMBER | DOCKET ENTRY |
|---|---|---|---|
| 27 | 10/3/2012 | 2087 | Transcript regarding Hearing Held 10/3/2012 |
| 28 | 12/07/2012 | 2107 | Memorandum Order Regarding Motion of Ahmed Amr to Reconsider and Vacate Orders. |
| 29 | 12/21/2012 | 2108 | Motion to Amend Memorandum Order Regarding Motion of Ahmed Amr to Reconsider and Vacate Orders. Filed by Ahmed Amr. |
| 30 | 12/21/2012 | 2109 | Second Motion to Amend Memorandum Order Regarding Motion of Ahmed Amr to Reconsider and Vacate Orders. Filed by Ahmed Amr. |
| 31 | 1/09/2013 | 2111 | Third Motion to Amend Memorandum Order Regarding Motion of Ahmed Amr to Reconsider and Vacate Orders. Filed by Ahmed Amr. |
| 32 | 1/10/2013 | 2112 | Motion to Extend the Deadline to Object to Motions to Amend Memorandum Order Filed by Shareholder Ahmed Amr (related document(s)[2108], [2109], [2111]) Filed by Greenberg Traurig, LLP and Nancy A. Mitchell. (Attachments: # (1) Exhibit A# (2) Exhibit B) (Kandestin, Maris) |
| 33 | 1/14/2013 | 2114 | Order Denying Motions to Alter and Amend Memorandum Order (Related Doc # [2108], [2109], [2111]). Filed by Ahmed Amr. |
| 34 | 1/14/2013 | 2115 | Order Denying as Moot Motion to Extend the Deadline to Object to Motions to Amend Memorandum Order Filed by Shareholder Ahmed Amr. |

| TAB | DATE FILED | DOCKET NUMBER | DOCKET ENTRY |
|---|---|---|---|
| 36 | 1/16/2013 | 2119 | Order Denying Fourth Motion to Alter and Amend Memorandum Order. |
| 37 | 1/29/2013 | 2123 | Notice of Appeal Regarding Memorandum Order Regarding Motion of Ahmed Amr to Reconsider and Vacate Orders.. Receipt Number 84094, Fee Amount $298. |
| 38 | 6/19/2009 | 1462 | Objection to the Tenth Monthly Fee Report by FTI Consulting, Inc. as Interim Management to the Debtors of Compensation Earned and Expenses Incurred for the Period of April 1, 2009 through April 30, 2009 – filed by Ahmed Amr |
| 39 | 7/17/2009 | 1500 | Amended Notice of Agenda of Matters Scheduled for Hearing (related document(s)[1545]) Filed by SB Liquidation Trust. Hearing scheduled for 7/16/2009 |
| 38 | 7/17/2009 | 1554 | Order Approving Tenth Monthly Application of Greenberg Traurig, LLP for Compensation and Reimbursement of Expenses as Counsel to The Debtors for The Period From April 1, 2009 to and Including April 30, 2009 |

The Appellant respectfully reserves the right to supplement and amend the record on Appeal designated herein.

(Remainder of Page Intentionally Left Blank)

## Statement of Issues on Appeal

The Appellant hereby states that the issues on appeal are:

Whether the Court's denial of standing to the appellant was inequitable and a manifest injustice

Whether the Court erred in entering an order on a sanctions motion without a hearing and whether the denial of the hearing was a manifest injustice

Whether the Court erred in citing the order in Docket No. 1554 as a ruling on sanctions when the order itself makes no mention of sanctions

Whether the Court erred in citing the order in Docket No. 1554 as a ruling on sanctions when the Greenberg Traurig was not served with the motion as a sanctions motion

Whether the Court erred in citing the order in Docket No. 1554 as a ruling on sanctions when Greenberg Traurig did not even consider it a sanctions motion and did not file an objection or a response as a sanctions motion

Whether the Court erred in determining that the appellant's objection to a reimbursement motion (Docket No. 1462) can be construed as a separate sanctions motion to sanction Nancy Mitchell and Greenberg Traurig

Whether the Court erred in not taking into consideration the findings of the Securities and Exchange Commission and the fact that those findings constituted new evidence that was not available in 2009 when the court issue the ruling (Docket No. 1554)

Whether the Bankruptcy Court erred in denying the Appellant standing to sanction Nancy Mitchell and Greenberg Traurig based on the Exculpation Provisions of the Plan

Whether the Exculpation provisions of the Plan extended to "gross negligence and willful misconduct"

Whether the Bankruptcy Court erred in denying the Appellant standing based on the Order Approving Application to Compromise and Settle Controversies With Greenberg Traurig LLP (Docket No. 1974)

Whether the Appellant, an active pro se litigant in these bankruptcy proceedings, had the right to appeal to the inherent right of the Court to sanction Nancy Mitchell and Greenberg Traurig

Whether, based on the Wagoner rule, the Liquidation Trust only had standing to assert those claims that the bankrupt corporation itself could have brought. See Shearson Lehman Hutton, Inc. v. Wagoner, 944 F.2d 114, 120 (2d Cir. 1991).

Whether, based on the Wagoner rule, the Court erred in determining that the Liquidation Trust had the exclusive right to file a motion to sanction Nancy Mitchell and Greenberg Traurig for lack of candor before the tribunal and obstruction of discovery.

Whether the Court erred in determining that the Debtors and only the Debtors possessed the causes of action related to the misconduct of Debtors' Counsel (Nancy Mitchell and Greenberg Traurig) in the course of the post-petition bankruptcy proceedings

Whether the Court's Memorandum Order is a manifest injustice in that it injured the integrity of the process and deprived the Appellant of the right to sanction opposing counsel for denial of discovery and lack of candor before the tribunal

Whether the Appellant was denied due process by the Court's rescheduling of the hearing for the sanctions motion scheduled for 2/15/2012 (Docket 1952, dated 12/28/2011)

Whether the Appellant was denied due process by the Court's delay in issuing rulings

Whether the Appellant was denied due process by having to reargue the motions at the direction of the Court

Whether the Court's memorandum order erred in describing the facts in the record including the fact that the Board of Director minutes were delivered in three installments not two installments as cited in the memorandum order

Whether the Court's memorandum order in describing the facts in the record including the fact that the Board of Director Minutes were in the custody of Greenberg Traurig not the estate

Whether the Court's memorandum order failed to address many issues in Appellant's Motion to Reconsider and vacate orders

Whether the Court erred in not disclosing that the Honorable Brendan Shannon was a partner with Young Conaway Stargatt & Taylor, LLP, the firm representing Nancy Mitchell and Greenberg Traurig in these sanctions proceedings

Whether the Court erred in not disclosing professional, personal and social relationships with partners and staff in the firm of Young Conaway, Stargatt & Taylor, LLP, the firm representing Nancy Mitchell and Greenberg Traurig in these sanctions proceedings

Whether the Court erred in not disclosing that Justin A Rucki served as judicial law clerk to the Honorable Brendan Linehan Shannon during the pendency of the Syntax-Brillian Proceedings. Jusin A. Rucky is currently an associate with Young, Conaway, Stargatt & Taylor

Whether Maris Kandestin, counsel for Nancy Mitchell and Greenberg Traurig in these sanctions proceedings, should have disclosed that the Honorable Brendan Shannon was a partner in the firm of Young, Conaway, Stargatt & Taylor, LLP.

Dated February 6, 2013
Seattle, Washington

Ahmed M. Amr
Appellant
Pro Se
626 Main Street
Edmonds, WA 98020
Tel: 425-672-1307